

RECEIVED

2017 JUL -7  PM 1:48

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

**PATSY WHITE**
    Plaintiff
vs.

**MEMPHIS LIGHT GAS and WATER**
    Defendant

**CIVIL ACTION NO.** _____

# JURY DEMANDED

# COMPLAINT

1. COMES NOW, Plaintiff and brings this action against her current employer for employment discrimination for racial discrimination, sex discrimination and retaliation after engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. {2000e-16 and 29 C.F.R. {{1614.101 (a). Jurisdiction is specifically conferred on the court by 42 U.S.C.} 2000e-5. Equitable and other relief are also sought under 42 U.S. C. {2000e-5(g).

2. Plaintiff, is, an African American female and a citizen of the United States and resides at 5474 Blimey Cove, Memphis, Tennessee 38116.

3. Defendant's corporate office is located at 220 South Main Street Memphis, Tennessee 38103. MLGW is the nation's largest three-service municipal utility, serving nearly 421,000

1

customers. Since 1939, MLGW has met the utility needs of Memphis and Shelby County residents by delivering reliable and affordable electricity, natural gas and water service. MLGW is supplied with electricity by the Tennessee Valley Authority (TVA), a federal agency that sells electricity on a nonprofit basis. MLGW is TVA's largest customer, representing 11% of TVA's total load. There are nearly 421,000 electric customers.

MLGW's distribution network, which measures more than 4,650 miles in length, delivers natural gas to homes and businesses in Shelby County. When it reaches your home or business, the natural gas passes through your meter where the consumption is recorded. MLGW furnishes nearly 40 billion cubic feet to its customers each year.

MLGW operates one of the largest artesian well systems in the world. It is through this system that MLGW taps into the aquifer and delivers water to more than 257,000 customers. MLGW operates 10 water pumping stations and more than 175 wells throughout Shelby County.

4. Plaintiff was employed by the defendant in its Memphis location at 1665 Whitten, Memphis, Tennessee.

5. Defendant unlawfully discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the compliant that resulted in Plaintiff being subjected to unjust, unmerited, unwarranted and unlawful discriminatory employment and personnel decisions that created adverse employment determinations

6. Plaintiff filed timely charges against the Defendant when she filed with the US EEOC case no: 490-2015-02360. **EXHIBIT # 1** .

7. The EEOC issued a Right to Sue notice on April 6, 2017 **EXHIBIT # 2** Plaintiff received her notice with five days after the stamped mail date of the issued right to sue

8. Because of plaintiff's (1) __**X**__ Race, (2) ____color, (3) _sex, ___religion, (5) ___national origin (6) ____ (7) __**X**_Disability; __**X**__Age; (8)_ **X** _Retaliation , Defendant:

    (a)_____ failed to employ plaintiff.

    (b) _____ terminated plaintiff's employment.

    (c)___ **X** ____failed to promote Plaintiff to a promotional opportunity.

    (e)____ **X** ____subjected Plaintiff to unlawful discrimination including denial of a reasonable accommodation and subjected her to retaliation after she engaged in protected activity.

9. The circumstances under which the defendant discriminated against plaintiff are as follows: (all supportive documents referenced in paragraph 9 are all found in **Collective Exhibit #3:**

a. Plaintiff was hired by the Defendant in August 1995, as a part-time cashier.

b. Plaintiff was thereafter hired by the Defendant in May 1997 as a full-time cashier.

c. Plaintiff was then hired by the Defendant in November 2000 as a full-time Service Advisor.

d. Plaintiff was given oral reprimand for a three-minute tardiness on January 13, 2014.

e. Plaintiff was given oral reprimand for a three-minute tardiness on August 26, 2014.

f. Plaintiff was given written reprimand for tardiness on November 7, 2014.

3

g. Plaintiff filed a grievance with the Defendant on November 13, 2014.

h. The Defendant's management violated Articles I, VI, and XI.

i. Plaintiff was unjustly reprimanded by the Defendant in a discriminatory manner.

j. Plaintiff sought for Plaintiff's written reprimand to be removed from Plaintiff's file.

k. Plaintiff sought to be made whole in every way.

l. Plaintiff was falsely accused of tardiness on May 1, 2015 by the Defendant's management (Janice Swain-Hughes).

m. Plaintiff informed the Defendant's Union Representative (Michael Travis) that Plaintiff was being harassed and falsely accused of tardiness by the Defendant's management (Janice Swain Hughes).

n. On May 1, 2015, the Defendant's Union Representative (Michael Travis) e-mailed the Defendant's management (Janet Harts) in regards to the false accusations of tardiness and harassment endured by Plaintiff.

o. The Defendant's management (Janet Harts) stated that Defendant's management (Janet Harts) would report the claim to the Defendant's Labor Relations department

p. On September 11, 2015, Plaintiff was instructed by the Defendant's management (Maria Armstrong) to provide a urine specimen.

q. Plaintiff was instructed to report to drug testing at 7:30 am.

r. Plaintiff was unable to provide a urine specimen at that time.

s. Plaintiff was told by Defendant's management (Linda Peete) to return to Plaintiff's work station.

4

t. Plaintiff was informed at 8:00 am by Defendant's management (Linda Peete) to complete the testing by 9:00 am.

u. Plaintiff was told that if testing was not completed by that time, Plaintiff must leave work.

v. Plaintiff received an e-mail from the Defendant's management (Janet Harts) instructing Plaintiff to complete the urine specimen by 9:30 am.

w. Plaintiff was instructed by management to log out of Plaintiff's work station.

x. On September 14, 2015, Plaintiff was accused by management for logging out of Plaintiff's work station without permission on September 11, 2015.

y. Plaintiff did not leave the work station on September 11, 2015 without the Defendant's permission.

z. Plaintiff was suspended indefinitely by the Defendant's management (Carlotta Burnette) on September 14, 2015.

aa. On September 14, 2015, Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission for discrimination based on Race and Sex in violation of Title VII of the Civil Rights Act of 1964, as amended.

bb. Plaintiff was terminated by the Defendant on September 21, 2015 for the failure to provide a urine specimen.

cc. Plaintiff reasonably believes that Carmen Peronto is an eyewitness with first had observation and knowledge that can attest and substantiate all of her allegations listed from a thru bb against the Defendant.

dd. Plaintiff intends to conduct deposition on Defendant's employee Carmen Peronto in support of her lawsuit.

ee. reasonably believes that Natalie Cruz is an eyewitness with first had observation and knowledge that can attest and substantiate all of her allegations listed from a thru bb against the Defendant.

ff. Plaintiff intends to conduct deposition on Defendant's employee Natalie Cruz in support of her lawsuit.

gg. Plaintiff reasonably believes that Terrance Sipp is an eyewitness with first had observation and knowledge that can attest and substantiate all of her allegations listed from a thru bb against the Defendant.

Plaintiff intends to conduct deposition on Defendant's employee Terrance Sipp in support of her lawsuit.

hh. Plaintiff reasonably believes that Carmen Peronto is an eyewitness with first had observation and knowledge that can attest and substantiate all of her allegations listed from a thru bb against the Defendant.

ii, Plaintiff intends to conduct deposition on Defendant's employee Carmen Peronto in support of her lawsuit.

jj. Plaintiff reasonably believes that Raul, a Union Steward is an eyewitness with first had observation and knowledge that can attest and substantiate all of her allegations listed from a thru bb against the Defendant.

kk. Plaintiff intends to conduct deposition on Defendant's employee Raul, the Union Steward in support of her lawsuit.

ll. Plaintiff reasonably believes that Patrick Epps is an eyewitness with first had observation and knowledge that can attest and substantiate all of her allegations listed from a thru bb against the Defendant.

6

mm. Plaintiff intends to conduct deposition on Defendant's employee Patrick Epps , a union member who attended her grievance hearing has support information regarding  her lawsuit.

mm. Plaintiff reasonably believes that William Hawkins, a Union Steward is an eyewitness with first had observation and knowledge that can attest and substantiate all of her allegations listed from a thru bb against the Defendant.

nn.. Plaintiff intends to conduct deposition on Defendant's employee William Hawkins, the Union Steward in support of her lawsuit.

10. The acts set forth in paragraphs 9 of this complaint:

   (a) ___ ___ are still being committed by defendant.

   (b)___ _ **X** ___ are no longer being committed by defendant.

   (c)___ _____may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges (formal Complaint) .

   **WHEREFORE**, Plaintiff prays that the following relief be granted following a jury in his favor:

   (a)____ Defendant be directed to employ plaintiff,

   (b)__ **X** __Defendant be directed to re-employ plaintiff,

   (c)__ __ Defendant be directed to promote plaintiff

   (d) **X** ____**Defendant** be directed to pay:

1.) Compensatory damages against Defendant in an amount to be determined by the jury but not less than three hundred thousand dollars $300,000; 2) Any and all other pecuniary losses proximately caused by Defendant's unlawful conduct; 3.) Punitive damages

7

against Defendant in an amount of one (1) million dollars or a punitive amount to be determined by the jury if the Jury finds the Defendant engaged in intentional, malicious and reckless acts of discrimination without regard to Plaintiff professional character, integrity and documented skill set 4.) All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 1981; 5) Such further relief as is deemed just and proper and appropriate including injunctive relief.

_Patsy White_

**Plaintiff Signature**

**Printed Name** Patsy White

**Plaintiff Address** 5474 Blimey Cv

Memphis, TN 38116

**Plaintiff Phone** 344-7748

Date: 7-7-17