## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | | |
|---|---|---|
| **PATSY WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:17-cv-02475-SHL-tmp** |
| | ) | |
| **MEMPHIS LIGHT, GAS & WATER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### DEFENDANT MEMPHIS LIGHT GAS & WATER'S ANSWER TO COMPLAINT
---

Defendant Memphis Light, Gas & Water ("MLGW") answers Plaintiff Patsy White's Complaint (Doc. 1) as follows.

1.      MLGW avers paragraph 1 of the Complaint identifies the statute(s) under which Plaintiff brings her claims and requires no response.  MLGW denies any liability under these statute(s).

2.      In response to paragraph 2 of the Complaint, MLGW admits, upon information and belief, that Plaintiff is a female African-American.  MLGW lacks information or knowledge sufficient to form a belief about the truth of Plaintiff's allegations concerning her current residence.

3.      MLGW admits the allegations in paragraph 3 of the Complaint.

4.      MLGW admits the allegations in paragraph 4 of the Complaint.

5.      MLGW denies the allegations in paragraph 5 of the Complaint.

6.      In response to the allegations in paragraph 6 of the Complaint, MLGW admits that Plaintiff filed Charge of Discrimination No. 490-2015-02360 with the Equal Employment

Opportunity Commission ("EEOC") on or about September 14, 2015.  MLGW denies any remaining allegations in paragraph 6 of the Complaint.

7.      MLGW admits that the EEOC issued a Dismissal and Notice of Rights for Charges 490-2015-02360 and 490-2016-02060, both of which are date-stamped April 6, 2017.  MLGW lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint.

8.      MLGW denies the allegations in paragraph 8 of the Complaint.

9.      In response to paragraph 9 of the Complaint, MLGW denies that it discriminated against Plaintiff under any circumstances, and avers (without admitting authenticity, admissibility, or veracity of content) that all documents attached to the Complaint in Exhibit 3 speak for themselves.   In response to the lettered paragraphs following paragraph 9, MLGW responds:

a.      MLGW admits the allegations in paragraph 9a of the Complaint.

b.      MLGW admits the allegations in paragraph 9b of the Complaint.

c.      MLGW admits the allegations in paragraph 9c of the Complaint.

d.      MLGW admits the allegations in paragraph 9d of the Complaint.

e.      MLGW admits the allegations in paragraph 9e of the Complaint.

f.      In response to paragraph 9f of the Complaint, MLGW admits that Plaintiff received a written reprimand on or about November 7, 2014 for "Tardiness and Failure to Report to Work."

g.      MLGW admits the allegations in paragraph 9g of the Complaint.

h.      MLGW denies the allegations in paragraph 9h of the Complaint.

i.      MLGW denies the allegations in paragraph 9i of the Complaint.

j.      MLGW admits the allegations in paragraph 9j of the Complaint.

k.      MLGW admits the allegations in paragraph 9k of the Complaint.

l.      MLGW denies the allegations in paragraph 9l of the Complaint.

m.      MLGW lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9m of the Complaint.

n.      In response to paragraph 9n of the Complaint, MLGW admits that Michael Travis sent Ms. Harts an email on May 1, 2015 regarding Plaintiff's allegations concerning tardiness.  MLGW denies the remaining allegations in paragraph 9n of the Complaint.

o.      In response to paragraph 9o of the Complaint, MLGW admits that Ms. Harts responded she would "make sure Labor Relations is aware."  MLGW denies any remaining allegations in paragraph 9o of the Complaint.

p.      In response to paragraph 9p of the Complaint, MLGW admits that on September 11, 2015, MLGW informed Plaintiff that she had been randomly selected for a drug test and thus was required to provide a urine specimen. MLGW denies any other allegations in paragraph 9p of the Complaint.

q.      MLGW admits that management told Plaintiff to report for random drug testing around or about 7:30 a.m.  MLGW denies any remaining allegations in paragraph 9q of the Complaint.

r.      MLGW admits that Plaintiff did not provide a urine specimen.  MLGW lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in paragraph 9r of the Complaint concerning her ability to provide a urine sample.

3

s.       In response to paragraph 9s of the Complaint, MLGW admits that Ms. Peete told Plaintiff she was able to return to her desk.  MLGW denies any remaining allegations in paragraph 9s of the Complaint.

t.       In response to paragraph 9t of the Complaint, MLGW admits management notified Plaintiff that she had a limited window of time in which to complete the testing.  MLGW denies the remaining allegations in paragraph 9t of the Complaint.

u.       MLGW admits that initially, Ms. Peete told Plaintiff that if she was unable to provide a urine sample within the specified time period, she would have to leave work, but that this directive was superseded by a later instruction from Ms. Harts to stay.  MLGW denies any remaining allegations in paragraph 9u of the Complaint.

v.       MLGW admits the allegations in paragraph 9v of the Complaint.

w.       MLGW denies the allegations in paragraph 9w of the Complaint.

x.       In response to the allegations in paragraph 9x of the Complaint, MLGW admits Plaintiff left work without permission and without completing the drug test.  MLGW denies the remaining allegations in paragraph 9x of the Complaint.

y.       MLGW denies the allegations in paragraph 9y of the Complaint.

z.       MLGW admits the allegations in paragraph 9z of the Complaint.

aa.      In response to paragraph 9aa of the Complaint, MLGW admits that Plaintiff has attached to her Complaint as Exhibit 1 EEOC Charge No. 490-2015-2360, which appears to have been filed with the EEOC on or about

4

September 14, 2015, and which identifies the Tennessee Human Rights Commission ("THRC") as the corresponding state agency. MLGW is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations of whether she filed a separate charge with the THRC. MLGW denies the allegations in the EEOC Charge alleging discrimination.

bb.   MLGW admits that it terminated Plaintiff's employment on September 21, 2015, but denies the remaining allegations in paragraph 9bb of the Complaint.

cc.   MLGW admits that Ms. Peronto may be a witness,[1] but denies that she will substantiate Plaintiff's allegations. MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9cc relating to Plaintiff's beliefs.

dd.   MLGW lacks information or knowledge sufficient as to the truth of the allegations contained in paragraph 9dd.

ee.   MLGW admits that Ms. Cruz may be a witness, but denies that she will substantiate Plaintiff's allegations. MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9ee relating to Plaintiff's beliefs.

ff.   MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9ff.

---

[1] In response to paragraphs 9cc through 9nn, MLGW admits only that the individuals identified by Plaintiff "may" be witnesses. MLGW does not definitively admit that any of these witnesses have relevant information to this lawsuit, and do not concede the admissibility of any testimony they may give in the future.

5

gg.     MLGW admits that Mr. Sipp may be a witness, but denies that he will substantiate Plaintiff's allegations. MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9gg relating to Plaintiff's beliefs or intent to depose Mr. Sipp.

hh.     Paragraph 9hh of the Complaint is a duplicate of paragraph 9cc and no additional response is required.

ii.     Paragraph 9ii of the Complaint is a duplicate of paragraph 9dd and no additional response is required.

jj.     MLGW admits that Raul Amaro may be a witness, but denies that he will substantiate Plaintiff's allegations. MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9jj relating to Plaintiff's beliefs.

kk.     MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9kk.

ll.     MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9ll of the Complaint.

mm.     MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9mm of the Complaint.

mm.[2]     MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the second paragraph 9mm of the Complaint.

nn.     MLGW lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9nn of the Complaint.

---

[2] There are two paragraphs 9mm in Plaintiff's Complaint.

6

10.     MLGW admits that it is not currently, and never has been, engaged in any allegedly discriminatory or otherwise unlawful act with respect to Plaintiff's employment. MLGW further admits that Plaintiff is no longer employed at MLGW. MLGW denies any remaining allegations in paragraph 10 of the Complaint; specifically, MLGW denies any allegation that it discriminated, retaliated, or subjected Plaintiff to any unlawful treatment at any time during her employment.

11.     Paragraph 11 of the Complaint is vague and ambiguous and MLGW is unable to respond as currently drafted. MLGW admits that Plaintiff attached EEOC Charges 490-2015-02360 and 490-2016-02060 to the Complaint and that these documents speak for themselves. MLGW denies the allegations contained in the EEOC charges and denies any other allegations being raised in paragraph 11 of the Complaint.

The remainder of the Complaint consists of a prayer for relief that requires neither admission nor denial. MLGW denies that Plaintiff is entitled to any of the relief sought in the Complaint, including the relief sought in the paragraph of the Complaint beginning "WHEREFORE," and including the relief stated in the subparagraphs of that section. MLGW avers Plaintiff is not entitled to any relief, whatsoever. MLGW further denies any and all allegations or inferences of wrongdoing or illegality referenced in the Prayer and denies liability to Plaintiff in any form.

12.     MLGW denies any and all allegations in the Complaint not expressly admitted herein.

4788565v.1

## DEFENSES AND AFFIRMATIVE DEFFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims may be barred by the doctrines of collateral estoppel and/or res judicata.

### Third Defense

Plaintiff's claims may be barred by the doctrines of waiver, payment, laches, release, accord and satisfaction, and/or estoppel.

### Fourth Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

### Fifth Defense

Plaintiff has not suffered any legal cognizable damage.

### Sixth Defense

Plaintiff failed to avail herself reasonably of the corrective measures available to her with respect to any claims of harassment, discrimination, or retaliation.

### Seventh Defense

To the extent Plaintiff complained about alleged discrimination, harassment, or retaliation, MLGW took immediate and adequate steps to investigate Plaintiff's complaints and institute any appropriate remedial measures.

### Eighth Defense

Plaintiff failed to exhaust her administrative remedies with respect to her claims for disability and age discrimination.

8

4788565v.1

### Ninth Defense

Plaintiff cannot establish every element to support her claims.

### Tenth Defense

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### Eleventh Defense

To the extent that Plaintiff has made allegations in support of her claims that are not encompassed within a Charge filed with and investigated by the EEOC, Tennessee Human Rights Commission, or any other appropriate investigative agency, such claims are based on allegations not properly before the Court, jurisdictionally or otherwise, and are thus barred.

### Twelfth Defense

Plaintiff's claims are barred to the extent Plaintiff failed to inform MLGW of her need for an accommodation, identify a reasonable accommodation that would have satisfied her needs, or engage in the interactive process.

### Thirteenth Defense

Plaintiff is not limited in the performance of any major life activity, nor has MLGW regarded her as being limited in the performance of any major life activity.

### Fourteenth Defense

At all times relevant to Plaintiff's claims, MLGW has acted in good faith, and not in reckless disregard for Plaintiff's federal rights.

### Reservation of Rights

MLGW reserves the right to amend its answers and to assert further defenses as appropriate as the claims of Plaintiff are investigated in the course of this litigation.

4788565v.1

WHEREFORE, MLGW having fully answered, respectfully asks the Court to dismiss this action and award MLGW its attorneys' fees and costs incurred defending against this frivolous Complaint.  MLGW further requests any other relief at law and in equity to which it is justly entitled.

Dated:  October 2, 2017                                 Respectfully submitted,

**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**


*s/Elizabeth S. Rudnick*
Rodrick D. Holmes (TN BPR No. 24501)
Elizabeth S. Rudnick (TN BPR No. 26750)
Jarrett M.D. Spence, (TN BPR No. 34577)
100 Peabody Place, Suite 1165
Memphis, TN 38103
Telephone:  (901) 453-3275
Facsimile:   (901) 372-5815
rholmes@constangy.com
erudnick@constangy.com
jspence@constangy.com

**ATTORNEYS FOR DEFENDANT,**
**MEMPHIS LIGHT, GAS & WATER**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this **Answer** has been furnished to the below individual(s) via the Court's electronic filing system and/or by depositing same in the United States Mail, postage prepaid, on October 2, 2017.

Patsy White
5474 Blimey Cove
Memphis, Tennessee 38116


*s/ Elizabeth S. Rudnick*

10

4788565v.1