```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```
_____

PATSY WHITE,                    )
                                )
    Plaintiff,                  )
                                )
vs.                             )   No. 17-cv-2475-SHL-tmp
                                )
MEMPHIS LIGHT GAS AND WATER,    )
                                )
    Defendant.                  )
                                )
_____

### REPORT AND RECOMMENDATION
_____

On July 7, 2017, plaintiff Patsy White filed a *pro se* complaint alleging her employer, Memphis Light Gas and Water ("MLGW"), unlawfully discriminated against her in violation of Title VII of the Civil Rights Act of 1964.[1] (ECF No. 1.) White also filed a motion to proceed *in forma pauperis*. (ECF No. 2.) This court granted the motion to proceed *in forma pauperis*, ordered that process be issued and served, and warned White that failure to comply with any order of the court could result in the dismissal of her case without further notice. (ECF No. 7.) After being served, MLGW filed an answer on October 2, 2017. (ECF No. 15.)

This court thereafter set a scheduling conference for Thursday, October 19, 2017. (ECF No. 16.) MLGW submitted a

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate.

proposed scheduling order as required by Federal Rule of Civil Procedure 26(f); in the order counsel informed the court that, although MLGW emailed White a proposed scheduling order, White had not responded as of the time of filing. (ECF No. 17 at 1.) On Wednesday, October 18, 2017, White called the Clerk's office and spoke with the undersigned magistrate judge's Case Manager; White stated that she wanted to let someone know that she was not going to appear for the scheduling conference. (ECF No. 18.) When asked if there was a specific reason why she was not going to appear, she stated that she had no reason, and simply was not going to attend. (Id.) White was advised that her case could be dismissed if she did not show up for the hearing, to which she stated that she did not care if her case was dismissed, and just wanted to let someone know that she would not be attending. (Id.) On October 19, 2017, counsel for MLGW appeared at the scheduling conference as scheduled. White failed to appear.

An action may be dismissed if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication on the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (citation

-2-

and internal quotations omitted).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005) (citing Knoll, 176 F.3d at 363). Based on these factors, the undersigned submits that dismissal of White's complaint is appropriate.

First, White's failure to prosecute is willful; White explicitly called and notified the court that she would not be appearing at the scheduling conference. She gave no reason or indication that she wished to move the scheduling conference. Thus, it is apparent that White was aware of the scheduling conference, and willfully failed to attend. Second, MLGW has been prejudiced by White's failure to prosecute as it has exerted time and resources in defending its case, including submitting an answer, preparing a proposed scheduling order, and attending a scheduling conference. Third, White was warned on multiple occasions, in both court orders and over the phone, that her case could be dismissed if she failed to appear as directed or otherwise

comply with court orders.  Fourth, while less drastic measures were considered, the court finds that, under the present circumstances, no sanction short of dismissal will cure plaintiff's failure to prosecute this matter.

For the foregoing reasons, the undersigned recommends that White's complaint be dismissed with prejudice for failure to prosecute.  See Fed. R. Civ. P. 41(b); Wu, 420 F.3d at 643.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 20, 2017
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**